S99A1265. PORTER v. THE STATE.
(521 SE2d 566)

CARLEY, Justice.

A jury found Eric Porter guilty of malice murder and, on August 27, 1998, the trial court entered its judgment of conviction and imposed a life sentence. Porter's counsel filed a motion for new trial on September 30, 1998, which was two days late. See OCGA § 5-5-40 (a). On March 31, 1999, the trial court denied the motion for new trial and, on April 30, 1999, Porter, who is now represented by new appellate counsel, filed a notice of appeal to this Court.

" ' "The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." (Cit.)' [Cit.]" (Emphasis in original.) *Rowland v. State,* 264 Ga. 872 (1) (452 SE2d 756) (1995). Although Porter did file his notice of appeal within 30 days of the denial of his motion for new trial, that motion was void because he did not file it within 30 days of the entry of the conviction and imposition of the sentence. *Johnson v. State,* 227 Ga. 219 (180 SE2d 94) (1971). Compare *Harrison v. Harrison,* 229 Ga. 692 (1) (194 SE2d 87) (1972) (prematurely filed motion for new trial).

To allow untimely filed motions, and thereby toll or delay the time for filing a notice of appeal, would violate the . . . provisions of [OCGA § 5-6-39 (b)], prohibiting extensions of time for filing such motions, as well as ignore the further

[6] *Daniel v. State,* 260 Ga. 555, 556 (397 SE2d 286) (1990).

mandate of [OCGA § 5-6-39 (d)], that requires within 30 days either the filing of a notice of appeal or the obtaining of an extension of time therefor.

*Mayo v. State*, 148 Ga. App. 213, 214 (251 SE2d 80) (1978). Thus, Porter's void motion for new trial did not toll the 30-day limit within which he was required either to file a notice of appeal from the underlying judgment and sentence or to seek from the trial court an extension of time for doing so. *Johnson v. State*, supra; *Williamson v. State of Ga.*, 182 Ga. App. 49 (354 SE2d 868) (1987). We cannot construe Porter's untimely motion for new trial as an extraordinary motion for new trial, since it was unaccompanied by any attempt to show "some good reason . . . why the motion was not made during [the 30-day] period" following entry of the judgment and sentence. OCGA § 5-5-41 (a). See *Jarrard v. Copeland*, 205 Ga. App. 20, 21 (421 SE2d 84) (1992); *Riggins v. State of Ga.*, 197 Ga. App. 612 (399 SE2d 96) (1990). Compare *Gibbs v. State*, 213 Ga. App. 117 (443 SE2d 708) (1994). Therefore, Porter has failed to invoke this Court's jurisdiction and, lacking jurisdiction, we cannot address the merits of his enumerations of error.

> [A]ttempts to provide sua sponte appellate review of criminal appeals notwithstanding incomplete appellate filings . . . do a disservice to the courts, the criminal defendant, and appellate counsel. The practice requires the appellate court to ignore jurisdictional and procedural statutes and rules . . . .

*Rowland v. State*, supra at 874 (1).

It is immaterial that the untimely motion for new trial was filed by the attorney representing Porter, rather than by Porter acting pro se.

> [T]he ineffectiveness of appellate counsel can result in the dismissal of an appeal of right without violating the defendant's right to due process as long as the defendant's due process right to an appeal is protected by provision of a " 'remedy for frustrated right of appeal.' " [Cit.]

*Rowland v. State*, supra at 875 (2). Since an out-of-time appeal is an available remedy where the loss of the right of conventional appellate review is due to defense counsel's error, "we may dismiss an appeal of right for failure to follow appellate procedural prerequisites. [Cit.]" *Rowland v. State*, supra at 875 (2).

An out-of-time appeal is not authorized in every criminal case which involves a failure by counsel to comply with the applicable pro-

cedures necessary to invoke this Court's jurisdiction. Such an appeal "is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights. [Cit.]" *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985). Therefore, this Court cannot grant Porter an out-of-time appeal, since a hearing must be held to determine whether the untimeliness of this motion for new trial was attributable to Porter himself or to his then legal representative. To obtain an out-of-time appeal, Porter must apply for that relief in the trial court and establish "to [that] court's satisfaction that the appellate procedural deficiency was due to appellate counsel's failure to perform routine duties. . . ." *Rowland v. State*, supra at 876 (2). See also *Cannon v. State*, supra.

Accordingly, we dismiss this appeal and order that a copy of this opinion be sent to Porter's present appellate counsel with direction to send a copy to Porter. If Porter subsequently seeks and obtains permission from the trial court to pursue an out-of-time appeal, he then will have 30 days within which to file his notice of appeal to this Court. If the trial court denies an out-of-time appeal, Porter will have a 30-day period within which to file a notice of appeal to this Court.

*Appeal dismissed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Lynn M. Friedewald,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.