## S03A0506. GULLEDGE v. THE STATE.
(583 SE2d 862)

BENHAM, Justice.

Arthur Mark Gulledge was indicted for malice murder, felony murder (aggravated assault), aggravated assault, and possession of a firearm by a first offender probationer. He entered a guilty plea in January 2002 to felony murder and aggravated assault pursuant to a plea bargain under which the malice murder and possession of a firearm charges were nol prossed and the aggravated assault was merged with the felony murder charge. He admitted at the guilty plea hearing that he fired eleven shots at his roommate, hitting him with eight of them and killing him. In August 2002, acting pro se as he continues to do in this appeal, Gulledge filed a motion for new trial; a motion for a trial transcript; and a motion to reduce, modify, or set aside his sentence and to conduct an evidentiary hearing. The first two motions were denied that same month. In September 2002, Gulledge filed in the trial court an application for a certificate of probable cause to appeal, a motion to withdraw the guilty plea, and a motion to reconsider the motion for a trial transcript. Those motions were denied that same month, as was the motion for an evidentiary hearing. Gulledge then filed two more motions, one entitled "Extraordinary Motion for New Trial," and the other, "Motion to

Vacate/Motion to Set Judgment Aside." Both were denied by orders entered on October 28, 2002. Gulledge filed a notice of appeal on November 7, 2002, which specified that he was appealing from the conviction and sentence entered on January 3, 2002. Although Gulledge referred to OCGA § 5-6-39 in his notice of appeal, the record contains no request for an extension of time for filing the notice of appeal.

> " 'The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court.' [Cit.]" OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days after entry of the judgment complained of, or within 30 days after the entry of the order finally disposing of a motion for new trial.

*Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). In the present case, the only two orders filed less than 30 days before the filing of the notice of appeal were those denying Gulledge's motions he denominated as an extraordinary motion for new trial and a motion to vacate or set aside his conviction. The denial of the extraordinary motion for new trial cannot serve as the basis for this appeal because a direct appeal does not lie from the denial of an extraordinary motion for new trial separate from the original appeal; an application for discretionary appeal is required. OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). The denial of the motion to set aside is likewise unavailing as a basis for a direct appeal because pretermitting whether such a motion is available in a criminal case (but see *Lacey v. State*, 253 Ga. 711 (324 SE2d 471) (1985) ("It has been held many times that a motion to set aside a judgment is inappropriate in a criminal case. [Cits.]")), the pleading Gulledge filed does not raise any ground for setting aside his conviction. See OCGA § 9-11-60 (d). Instead, his motion raises issues involving errors allegedly committed by the trial court or trial counsel. Under the principle that there is no magic in nomenclature and that substance controls our consideration of pleadings (*Marshall v. State*, 229 Ga. 841 (1) (195 SE2d 12) (1972)), the motion must be considered a motion for new trial. As a motion for new trial, "that motion was void because [Gulledge] did not file it within 30 days of the entry of the conviction and imposition of the sentence." *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999). It thus appears that neither of the orders filed in October 2002 can serve as a basis for the notice of appeal filed in this case in November 2002.

In his notice of appeal, which he accurately entitled, "Notice of Out of Time Appeal," Gulledge suggests he is entitled to an out-of-time appeal because of certain failures of his counsel. However, the

record before us contains neither a motion filed in the trial court seeking an out-of-time appeal nor an order from the trial court granting such an appeal. "To obtain an out-of-time appeal, [one] must apply for that relief in the trial court and establish 'to (that) court's satisfaction that the appellate procedural deficiency was due to appellate counsel's failure to perform routine duties. . . .' [Cits.]" *Porter v. State*, supra, 271 Ga. at 500. There being no order permitting an out-of-time appeal and no timely-filed notice of appeal, this appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED JULY 10, 2003.

Arthur M. Gulledge, *pro se.*

*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.