# WHOLE COURT

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
http://www.gaappeals.us/rules/

**February 17, 2015**

# In the Court of Appeals of Georgia

A14A1546. DAVIS v. THE STATE.                                        JE-055C

ELLINGTON, Presiding Judge.

A Clayton County jury found Jaylan Davis guilty beyond a reasonable doubt of burglary, OCGA § 16-7-1 (b); criminal trespass, OCGA § 16-7-21 (b) (1); and obstruction of a law enforcement officer, OCGA § 16-10-24 (a). Following the denial of his motion for a new trial, Davis appeals, challenging the sufficiency of the evidence and contending that the trial court violated his right to confront a witness, that the trial court imposed an unconstitutionally cruel and unusual punishment, and that he received ineffective assistance of counsel. For the reasons explained below, we dismiss this appeal.

"It is the duty of this [C]ourt to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction."

(Punctuation and footnote omitted.) *Deleon-Alvarez v. State*, 324 Ga. App. 694, 698 (1) (751 SE2d 497) (2013).[1] Under longstanding Georgia law, "[t]he proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." (Citation and punctuation omitted; emphasis in original.) *Cody v. State*, 277 Ga. 553 (1) (592 SE2d 419) (2004) [2]

The record shows the following with regard to this jurisdictional requirement. The trial court entered judgment on the jury's verdict on May 16, 2013. Upon sentencing Davis, the trial court advised him of his right to appeal from the judgment within 30 days. The trial court also informed him that, if he desired appointed appellate counsel, he should inform the court and that a hearing would be scheduled to determine whether he was indigent and entitled to appointed counsel. Davis, still represented by his retained trial counsel, filed a "Motion for New Trial" on September 11, 2013, more than 30 days after the entry of judgment. Davis, represented by new post-conviction counsel, amended the motion for new trial three times. None of Davis's pleadings provided any explanation for the delay in filing his initial Motion

---

[1] See also *Cody v. State*, 277 Ga. 553 (1) (592 SE2d 419) (2004) (accord); *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003) (accord).

[2] See also *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999) (accord); *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995) (accord).

for New Trial. The trial court denied the motion for new trial, as amended, on February 25, 2014. Davis filed his "Notice of Appeal" on March 13, 2014.

Georgia's Appellate Practice Act provides that

[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion.

OCGA § 5-6-38 (a). In addition, "all motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the [jury's] verdict [.]" OCGA § 5-5-40 (a).[3] Thus, the record shows that, although Davis timely filed a notice of appeal within 30 days after the trial court's order denying his motion for new trial, his motion for new trial was untimely as an ordinary motion for new trial, having been filed more than 30 days after the entry of judgment on the jury's verdict. Because Davis failed to file his motion for new trial within the time allowed, "that motion was void . . . [and] did not toll the 30-day limit within which he was required either to file a notice of appeal from the underlying judgment and sentence

[3] In its appellate brief, the State inexplicably described Davis's motion for a new trial as "timely."

3

or to seek from the trial court an extension of time for doing so." (Citation and punctuation omitted.) *Porter v. State*, 271 Ga. 498, 498-499 (521 SE2d 566) (1999).[4] As the Supreme Court of Georgia explained,

> [t]o allow untimely filed motions, and thereby toll or delay the time for filing a notice of appeal, would violate the provisions of OCGA § 5-6-39 (b), prohibiting extensions of time for filing such motions, as well as ignore the further mandate of OCGA § 5-6-39 (d), that requires within 30 days either the filing of a notice of appeal or the obtaining of an extension of time therefor.

(Citation and punctuation omitted.) *Porter v. State*, 271 Ga. at 498-499.[5]

We are mindful of the principle that "there is no magic in mere nomenclature, and pleadings are construed to serve the best interests of the pleader, and are judged by function rather than name." (Citation and punctuation omitted.) *Jordan v. State*, 247 Ga. App. 551, 552 (1) (544 SE2d 731) (2001). Before dismissing Davis's appeal,

---

[4] OCGA § 5-6-39.

[5] See also *Washington v. State*, 276 Ga. at 656 (1) ("Generally, an untimely motion for new trial does not toll the 30-day period in which a notice of appeal must be filed and can result in the dismissal of the appeal due to the failure to file a notice of appeal within 30 days of the entry of the judgment of conviction and imposition of sentence.") (citation omitted).

4

therefore, we look to the substance of Davis's pleadings to determine whether there is another basis for this Court to exercise jurisdiction over this appeal.

(a) *Extraordinary Motion for New Trial*. Pursuant to OCGA § 5-5-41 (b), "when a motion for a new trial has not been made [within 30 days after the entry of judgment in a criminal case], no motion for a new trial from the . . . verdict or judgment shall be made or received unless the same is an extraordinary motion or case[.]" First, Davis's untimely motion for new trial was "unaccompanied by any attempt to show some good reason why the motion was not made during the 30-day period following entry of the judgment and sentence[,]" and, therefore, we cannot construe the motion as an extraordinary motion for new trial. (Citation and punctuation omitted.) *Porter v. State,* 271 Ga. at 499.[6] Moreover, the Appellate

---

[6] See OCGA § 5-5-41 (a) ("When a motion for a new trial is made after the expiration of a 30 day period from the entry of judgment, some good reason must be shown why the motion was not made during such period, which reason shall be judged by the court."); *Ford Motor Co. v. Conley*, 294 Ga. 530, 539-541 (2) (757 SE2d 20) (2014) ("[W]hen a motion for new trial is untimely, before considering the merits of the motion, the court *must* determine if the delay in filing the motion should be excused by good cause. . . . Good reason exists only where the moving party exercised due diligence but, due to circumstances beyond its control, was unable previously to discover the basis for the claim it now asserts." In many cases, good reason refers to new evidence, but it can be other things as well.) (emphasis supplied); *Drane v. State*, 291 Ga. 298, 300 (2) (728 SE2d 679) (2012) (An extraordinary motion for new trial may be granted on the basis of newly discovered evidence if the defendant is able to show that the evidence came to the movant's knowledge since the

Practice Act authorizes jurisdiction over the denial of an extraordinary motion for new trial only pursuant to the discretionary appeals procedure. OCGA § 5-6-35 (a) (7), (b), (c), (d). Thus, if we construe Davis's motion as an extraordinary motion for new trial, we must dismiss this appeal, because he failed to comply with the discretionary appeal procedure. *Clark v. State*, 272 Ga. App. 512, 513 (2) (613 SE2d 1) (2005); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997).

(b) *Motion for New Trial filed pursuant to an authorized Out of Time Appeal*. Because a criminal defendant has a constitutional right to the effective assistance of counsel on appeal, a defendant "who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal." (Citation omitted.) *Rowland v. State*, 264 Ga. at 875 (2).

> An out-of-time appeal is a judicial creation that provides a remedy for the loss, occasioned by error of counsel, of a criminal defendant's right of appellate review of his conviction. The grant of an out-of-time appeal is permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal.

---

trial and could not have been acquired sooner through the exercise of due diligence, that the evidence is not merely cumulative and will do more than merely impeach the credit of a witness, and that the evidence is so material that it would probably produce a different verdict.).

6

(Citations and punctuation omitted.) *Cody v. State*, 277 Ga. at 553. When a criminal defendant "obtains permission from the trial court to file an out-of-time motion for new trial and the trial court then denies the motion on its merits, [he] is entitled to file a direct appeal" and the appellate court will have jurisdiction to address the merits of the appeal. *Washington v. State*, 276 Ga. at 656 (1).

"An out-of-time appeal is not authorized in every criminal case which involves a failure by counsel to comply with the applicable procedures necessary to invoke [the appellate court's] jurisdiction." *Porter v. State*, 271 Ga. at 499-500. An appellate court should not "presuppose[ ] that the appellate procedural deficiency is due to the negligence, ignorance, or misinterpretation of the law by appellate counsel when, in fact, the criminal defendant may have voluntarily elected to forego a timely appeal following conviction." (Citations and punctuation omitted.) *Rowland v. State*, 264 Ga. at 874 (1). Ordinarily, to obtain an out-of-time appeal, the defendant "must apply for that relief in the trial court[,]" and the trial court must hold a hearing to determine whether "the appellate procedural deficiency was due to appellate counsel's failure to perform routine duties" or "whether the untimeliness of [the] motion for new trial was attributable to [the defendant] himself[.]" (Citations and punctuation omitted.) *Porter v. State*, 271 Ga. at 500.

In *Washington v. State*, the Supreme Court of Georgia relaxed these procedural requirements somewhat. In that case, the defendant filed an "out-of-time motion for new trial," the trial court consulted with the district attorney and the defendant's trial counsel, and the State consented to having the trial court treat the out-of-time motion for new trial "as both a motion requesting permission to file an out-of-time motion for new trial and as a motion for new trial." Id. Noting that the name of the pleading made it "clear that the [defendant's] motion for new trial was not timely filed within 30 days of the entry of conviction and imposition of sentence" and that the trial court held a hearing on the motion and denied it on the merits, the Supreme Court of Georgia held that the trial court had "expressly recogniz[ed]" the "out-of-time motion for new trial" as both a request to file an out-of-time motion for new trial and as a motion for new trial. The Court determined that, under the circumstances, the trial court had "implicitly" granted the defendant permission to file the out-of-time motion and concluded that it had appellate jurisdiction over the defendant's direct appeal from the denial of the motion. Id.

In this case, however, nothing in the record shows that the trial court expressly recognized Davis's untimely motion for new trial as both a request to file an out-of-time motion for new trial and as a motion for new trial. Unlike in *Washington*

8

*v. State*, the name of the pleading did not make it clear that the motion was not timely. Davis made no attempt in his initial motion or the amendments to show that his failure to preserve his right to appeal by filing either a timely notice of appeal or a timely motion for new trial was due to an error of counsel. Nothing in the record shows that the trial court consulted with counsel or that the State consented to treating the out-of-time motion as including a request for an out-of-time appeal. In the absence of any indication in the record that the trial court considered evidence regarding the reasons that Davis's motion was not timely filed, or that the untimeliness of the motion was even brought to the attention of the trial court, we cannot infer merely from the fact that the trial court ruled on the untimely motion on the merits that the trial court determined that Davis lost his right to appeal due to an error of counsel and that he is therefore entitled to an out-of-time appeal.[7]

---

[7] We do not read the Supreme Court of Georgia's decision in *Washington v. State* as going so far as holding that an appellate court should conclude that a trial court implicitly grants permission for a defendant to file an out-of-time motion for new trial simply by virtue of the fact that the trial court holds an evidentiary hearing on an untimely motion for new trial and decides the motion on the merits. To the extent we have suggested otherwise in *Cook v. State*, 314 Ga. App. 289, n. 1 (723 SE2d 709) (2012), such case is disapproved. Cf. *Moore v. State*, 319 Ga. App. 696, 698, n. 2 (738 SE2d 140) (2013) (defendant moved for leave to file an out-of-time motion for new trial when he filed his motion for new trial); *Moore v. State*, 279 Ga. App. 105, n. 1 (630 SE2d 557) (2006) (defendant filed a motion for an out-of-time appeal); *Jordan v. State*, 247 Ga. App. at 552 (1) (defendant filed a motion for

It would not matter if Davis and the State were to join in a request that this Court decide this appeal on the merits, rather than returning this case to the trial court for a formal determination of the issue of whether Davis is entitled to an out of time appeal. Under Georgia law, "parties *cannot* confer [appellate] jurisdiction by consent," even for the sake of judicial economy and justice. (Citation and punctuation omitted; emphasis in original.) *Veasley v. State*, 272 Ga. 837, 839 (537 SE2d 42) (2000).[8] Thus, dismissal is mandated regardless whether the State may consent to our consideration of this unauthorized appeal. *Veasley v. State*, 272 Ga. at 839; *Porter v. State*, 271 Ga. at 499-500.

*Appeal dismissed. Phipps, C. J., Andrews, P. J., Doyle, P. J., Miller, Dillard, McFadden, Boggs, Ray, Branch and McMillian, JJ., concur. Barnes, P. J., concurs in judgment only.*

---

permission to file an out-of-time motion for new trial).

[8] See *Veasley v. State*, 272 Ga. at 839-840, Presiding Justice Fletcher, dissenting (suggesting that the trial court would be required to grant a defendant permission to file an out-of-time appeal, where he did not file a notice of appeal within 30 days of the order disposing of his motion for new trial "apparently because that order was not served on him" as required by statute, and, therefore, that "for the sake of judicial economy and justice," the Court should "address the merits of the appeal as both parties request"); see also OCGA § 15-1-2 ("Parties may not give jurisdiction to a court by consent, express or implied, as to the person or subject matter of an action.").

10