# Court of Appeals
# of the State of Georgia

ATLANTA,____June 29, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15I0217. MARCUS LLOYD v. THE STATE.**

Marcus Lloyd, defendant in the criminal case below, has filed an application for interlocutory appeal from the trial court's order denying his "Emergency Motion for New Trial" based on juror misconduct. From the limited information included with the application materials, Lloyd has not established that we have jurisdiction to consider his application.

The application materials show that Lloyd was convicted and sentenced on March 20, 2015, and that he filed his motion 38 days later, on April 27. Importantly, however, the application materials do not reveal when, or if, Lloyd's judgment of conviction was entered, nor whether the trial court granted him permission to pursue an out-of-time appeal. Under these circumstances, we cannot determine the proper construction of the motion, and we cannot verify that we have jurisdiction to consider this application.

If no judgment of conviction has been entered, the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) would apply to this case. Under that provision, an applicant is required to submit, along with his application for interlocutory review, a certificate of immediate review signed by the same trial judge who entered the order. See *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 162

(701 SE2d 599) (2010).[1] Although Lloyd purports to have complied with this provision, his certificate of immediate review is invalid because it was signed by Judge Simmons, while the order was signed by Judge Ison. Accordingly, the certificate does not confer jurisdiction upon this Court.

If the judgment of conviction was entered fewer than 30 days before Lloyd filed his motion, the motion would be a timely a motion for new trial. Alternatively, if the judgment was entered more than 30 days before the motion was filed, but the trial court granted Lloyd permission to pursue out-of-time appellate remedies, the motion would be an authorized out-of-time motion for new trial. See *Davis v. State*, 330 Ga. App. 711, 713-715 (b) (769 SE2d 133) (2015). In both situations, Lloyd would have a right of direct appeal from the trial court's order denying his motion. As a general rule, we will grant an application for interlocutory review if the order complained of is subject to direct appeal. *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). However, because Lloyd has not shown that his certificate of immediate review is valid, we are precluded from granting his application, including pursuant to *Spivey*.

Finally, if Lloyd's judgment of conviction was entered more than 30 days before he filed his motion, and the trial court did not grant him permission to pursue out-of-time appellate remedies, the motion would constitute an extraordinary motion for new trial. See *Davis v. State*, 330 Ga. App. 711, 713-716 (a) (769 SE2d 133) (2015). Orders denying such motions are subject to discretionary review, see OCGA § 5-6-35 (a) (7), and we could consider Lloyd's application as a request for such review. However, an extraordinary motion for new trial may be granted only where the movant establishes a "good reason" for failing to raise the alleged error as part of

---

[1] This Court has recognized a limited exception to this rule where the applicant presents evidence, including through a motion for reconsideration, showing that the trial judge was unavailable to execute the certificate. See *Freemon v. Dubroca*, 177 Ga. App. 745 (1) (341 SE2d 276) (1986); *Tingle v. Harvill*, 125 Ga. App. 312, 317-318 (2) (187 SE2d 536) (1972); see also *Thorpe v. Russell*, 274 Ga. 781, 781-782 (559 SE2d 432) (2002). Lloyd, however, has made no showing that Judge Simmons signed the certificate because Judge Ison was unavailable.

a timely motion for new trial.  See OCGA § 5-5-41 (a).  Because the application materials do not include any indication that Lloyd's motion was accompanied by an attempt to show "good reason" for his delay, we cannot construe the motion as an extraordinary motion for new trial. See *Davis*, supra at 713 (a).

Ultimately, the limited materials included with Lloyd's application do not present us with a valid basis to consider his request for appellate review. Accordingly, the application is hereby DISMISSED.

We remind Lloyd that, pursuant to our Rule 37, we will grant a motion for reconsideration if the movant establishes that our decision was based on an erroneous fact or law.  Motions for reconsideration must be physically received in our Court by 4:30 p.m. on the 10th day after our decision is issued.  See Rule 37 (b).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____06/29/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*