# Court of Appeals of the State of Georgia

ATLANTA,  August 23, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0090.  SHANNON BRADLEY v. THE STATE.**

In 2009, a jury found Shannon Bradley guilty of five counts each of armed robbery and aggravated assault with intent to rob and one count of possession of a firearm during the commission of a felony.  The trial court merged the armed robbery convictions with the aggravated assault convictions and imposed a total sentence of life in prison without the possibility of parole.  We affirmed Bradley's judgment of conviction on direct appeal in an unpublished opinion.  See *Bradley v. State*, No. A12A0526 (May 9, 2012).

In November 2017, Bradley filed two motions seeking to challenge the legality of his convictions: a motion to set aside judgment and a motion in arrest of judgment. The trial court denied both motions in a single order entered on November 22, 2017. The court's November 22 order also directed the trial court clerk not to accept any further filings in this case.  On April 10, 2018, Bradley filed a "Notice of Out of Time Appeal," seeking review of the trial court's November 22 order.[1]  We lack jurisdiction.

---

[1] Bradley's "Notice of Out of Time Appeal" is dated February 22, 2018, but was not filed in the trial court until April 10, 2018.  In his "Notice of Out of Time Appeal," Bradley indicates that he first learned in January or February 2018 that his November 2017 motions had been denied.  If, as he appears to suggest, his right to timely seek appellate review was frustrated due to a trial court error, his remedy is to petition the trial court to vacate and re-enter the order at issue in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).

Pretermitting whether a direct appeal may lie from the trial court's November 22 order, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Bradley's "Notice of Out of Time Appeal" is untimely, as it was filed 139 days after entry of the order he seeks to appeal. To the extent that Bradley seeks an out-of-time appeal, (a) any such request must be directed to the trial court, see *Gulledge v. State*, 276 Ga. 740, 742 (583 SE2d 862) (2003), and (b) regardless, an out-of-time appeal is not available to a criminal defendant who already has had a direct appeal, see *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002). Consequently, this untimely appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  08/23/2018*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*