# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2020

*The Court of Appeals hereby passes the following order:*

**A20A0432. SMART v. THE STATE.**

Following a jury trial, Carl Smart was convicted of simple assault (as a lesser included offense of aggravated assault), theft by taking, two counts of fleeing or attempting to elude a police officer, reckless driving, driving without a license, driving too fast for conditions, and violation of duty upon striking a fixed object.[1] Approximately nine months later, Smart filed a pro se "Out of Time Motion for New Trial and Motion for Appointed Counsel." The trial court summarily denied the motion without holding a hearing, and Smart appeals. We lack jurisdiction.

"The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999) (citations and punctuation omitted; emphasis in original). The record shows that Smart filed a timely notice of appeal from the denial of his "out of time" motion for new trial. That motion for new trial, however, was void because it was filed well over 30 days after entry of Smart's judgment of conviction. See id.; OCGA § 5-5-40 (a) ("All motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury."). Under these circumstances, the "void motion for new trial did not toll the 30-day limit within which [Smart] was required either to file a notice of appeal from the underlying judgment and sentence

---

[1] The jury also found Smart guilty of two additional counts of fleeing or attempting to elude a police officer, but those charges were merged into other charges at sentencing.

or to seek from the trial court an extension of time for doing so." *Porter*, supra at 499. We thus lack jurisdiction to consider Smart's appeal from the denial of his untimely motion for new trial.[2] See id.; see also *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003) ("Generally, an untimely motion for new trial does not toll the 30-day period in which a notice of appeal must be filed and can result in the dismissal of the appeal due to the failure to file a notice of appeal within 30 days of the entry of the judgment of conviction and imposition of sentence.").

Given our lack of jurisdiction, this appeal is hereby DISMISSED. We note, however, that Smart may request permission from the trial court to file an out-of-time appeal. See *Porter*, supra; see also *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995) ("A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal."). If the trial court grants the motion for out-of-time appeal, Smart may file a notice of appeal within 30 days or pursue other "appropriate post-conviction remedies, including a motion for new trial." *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991); see also *Porter*, supra. If the trial court denies the motion for out-of-time appeal, Smart "will have a 30-day period within which to file a notice of appeal" from that decision. *Porter*, supra.

---

[2] We also lack jurisdiction to consider this appeal to the extent Smart's untimely motion for new trial could be viewed as an extraordinary motion for new trial. Although an extraordinary motion for new trial is not bound by the 30-day time requirement set forth in OCGA § 5-5-40 (a), an appeal from the denial of such motion must comply with the discretionary appeal procedures in OCGA § 5-6-35 (a) (7). See *Washington*, supra. Smart did not follow those procedures here.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/30/2020_____

   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*