# Court of Appeals
# of the State of Georgia

ATLANTA,  April 02, 2020

*The Court of Appeals hereby passes the following order:*

**A20I0200. TAQUAWN POLLARD v. THE STATE.**

On January 12, 2018, Taquawn Pollard entered a negotiated plea to numerous offenses, and the trial court sentenced him to a total of fifteen years, with the first ten to be served in confinement. In November 2019, Pollard filed a motion to modify sentence.[1] Pollard argues that, after entering his plea, he willingly testified in an unrelated murder case. According to Pollard, his cooperation in that case should result in a reduced sentence. The trial court denied the motion to modify and issued a certificate of immediate review. Pollard then filed this application for interlocutory appeal. We, however, lack jurisdiction.

As a threshold matter, we note that an order denying a motion to modify a sentence under OCGA § 17-10-1 (f) is final and thus does not require compliance with the interlocutory appeal procedure. Ordinarily, if a party files an interlocutory application from an order that may be appealed directly, we grant the application. See *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Here, however, Pollard has no right to a direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247)

---

[1] Pollard also filed a pro se motion to modify in March 2019, but this order is not included with the application materials. Pollard argues that he attempted to file a motion to modify within a year of sentencing, but that the motion was not filed until March 2019 "due to the inefficient handling of inmate mail."

(2010). Once this statutory period expires, an appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Pollard does not argue that his sentence falls outside the permissible statutory range. Accordingly, he is not entitled to appeal the trial court's order denying his motion to modify. See *Frazier v. State*, 302 Ga. App. at 348 ("[A] direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void."). For this reason, this application for interlocutory appeal is hereby DISMISSED.[2]



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __04/02/2020_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____, Clerk.

---

[2] Pollard suggests in his application brief that he is entitled to an out-of-time appeal. But nothing in his motion filed below could be construed as seeking an out-of-time appeal, and we decline to treat it as such. See *Davis v. State*, 330 Ga. App. 711, 714 (b) (769 SE2d 133) (2015) (to obtain an out-of-time appeal, a defendant must seek relief in the trial court).