# Court of Appeals
# of the State of Georgia

ATLANTA, __December 14, 2021__

*The Court of Appeals hereby passes the following order:*

**A22A0520. CHRISTOPHER VASS v. THE STATE.**

Christopher Vass was convicted of aggravated assault and possession of a firearm during the commission of a felony. We affirmed his convictions on appeal. *Vass v. State*, 347 Ga. App. 535 (820 SE2d 181) (2018). Vass later filed several pro se motions seeking the production of trial transcripts and other records in his case, including reports from police investigators. On July 14, 2021, the trial court entered an order denying these motions, and on September 1, 2021, Vass filed a notice of appeal to this Court. The State has filed a motion to dismiss the appeal as untimely.

Assuming, without deciding, that Vass had a right of direct appeal here,[1] the appeal is untimely. To be timely, a notice of appeal must be filed within 30 days after entry of the order on appeal. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Davis v. State*, 330 Ga. App. 711, 711 (769 SE2d 133) (2015). Here, Vass's notice of appeal was filed 49 days after entry of the trial court's order.

---

[1] "After the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification." *Schoicket v. State*, 304 Ga. 255, 255 (818 SE2d 561) (2018) (punctuation omitted) (dismissing appeal from denial of motion for free records where defendant made no showing of necessity or justification). In one of his motions, Vass asserted that he has a "current active habeas corpus trial . . . in the Superior Court of Baldwin County," but he did not attach a copy of the habeas petition.

The notice is dated July 28, 2021—well before the expiration of Vass's 30-day appeal period—but was not stamped "filed" by the trial court clerk until September 1. We recognize that, as a pro se prisoner, Vass is dependent upon correctional personnel to dispatch his mail. Nevertheless, even though Vass may have acted promptly after receiving the trial court's order, "his filing did not get to the superior court in time. So we have no jurisdiction over his appeal." *Ebeling v. State*, 355 Ga. App. 469, 470 (844 SE2d 518) (2020).

Accordingly, the State's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__12/14/2021_____*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*