# Court of Appeals
# of the State of Georgia

ATLANTA,  January 24, 2023

*The Court of Appeals hereby passes the following order:*

## A23A0729. CEDRIC PIERCE v. TERRY BARNARD et al.

Cedric Pierce, an inmate who is proceeding pro se, filed a mandamus petition against Terry E. Barnard, Chairman of the State Board of Pardons and Paroles, and Rick Jacobs, Director of Clemency for the State Board of Pardons and Paroles. Pierce filed a motion for summary judgment, and the defendants filed a motion to dismiss the petition. On May 12, 2022, the trial court entered an order denying Pierce's motion for summary judgment and granting the motion to dismiss. Pierce filed his notice of appeal on July 25, 2022.[1] The defendants have filed a motion to dismiss, contending that we lack jurisdiction over this direct appeal. We agree.

First, judgments and orders granting or refusing to grant mandamus are generally directly appealable. See OCGA § 5-6-34 (a) (7). However, under the Prison Litigation Reform Act, any appeal in a civil case, which includes mandamus, that was initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). So, Pierce, who is incarcerated, has no right of direct appeal, and he was required to file an application for discretionary appeal to seek appeal of the trial court's order.  "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). Pierce's failure to follow the required appellate procedure deprives us of jurisdiction over this appeal.

Second, even if Pierce had a right of direct appeal over the trial court's order,

---

[1] Pierce directed his appeal to the Supreme Court, which transferred the case here. See Case No. S23A0247 (decided Nov. 17, 2022).

this appeal would be untimely. A notice of appeal must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-38 (a). "[T]he proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Davis v. State*, 330 Ga. App. 711, 711 (769 SE2d 133) (2015) (citation and punctuation omitted). Here, the record shows that Pierce filed his notice of appeal 74 days after the trial court entered its order, making it untimely.

Accordingly, the motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,__01/24/2023_____*
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*