**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 2, 2023**

# In the Court of Appeals of Georgia

A23A0554. RIVERS v. McCULLERS.

DOYLE, Presiding Judge.

Dequintavious Rivers, plaintiff in the action below, appeals from the trial court's order dismissing his appeal as untimely. We conclude that the trial court's order must be vacated because a trial court is not authorized to dismiss an appeal on that ground. Additionally, for the reasons discussed below, we dismiss the appeal.

In September 2019, Rivers sued Logan L. McCullers for damages allegedly arising from a motor vehicle collision. In August 2020, upon McCullers's motion, the trial court dismissed the complaint based on lack of service and expiration of the statute of limitations. Rivers filed a motion to vacate the dismissal order, which the trial court denied on November 3, 2020. On December 2, 2020, Rivers filed a notice of appeal to this Court. McCullers moved to dismiss the appeal, and the trial court

granted that motion on August 17, 2022. Rivers then filed an application for discretionary appeal, which we granted under OCGA § 5-6-35 (j) because Rivers had a right of direct appeal from the trial court's August 2022 order dismissing his appeal. Rivers subsequently filed this appeal.

1. We first address the trial court's August 2022 order dismissing Rivers's December 2020 notice of appeal. "An appellate court is the sole authority in determining whether a filed notice of appeal or discretionary application is sufficient to invoke its jurisdiction."[1] While OCGA § 5-6-48 (b) (1) provides for dismissal of an appeal due to an appellant's failure to timely file a notice of appeal, "Georgia law does not contemplate such a dismissal by the *trial court*[.]"[2] The trial court did not have authority to dismiss Rivers's appeal on this ground.[3] Therefore, the trial court's order dismissing the notice of appeal is hereby vacated.[4]

---

[1] (Citations and punctuation omitted.) *Jones v. Peach Trader, Inc.*, 302 Ga. 504, 506 (II) (807 SE2d 840) (2017).

[2] (Emphasis supplied.) Id. at 507 (II).

[3] See *Jones*, 302 Ga. at 511 (II); *Vieyra v. State*, 353 Ga. App. 402, 403 (2) (837 SE2d 715) (2020).

[4] See *Vieyra*, 353 Ga. App. at 403 (2).

2. Having determined that the trial court exceeded its authority when it dismissed Rivers's December 2020 notice of appeal, that notice of appeal is now before us.[5] We conclude that the appeal must be dismissed because the notice of appeal is untimely as to the August 2020 order and the November 2020 order is not subject to direct appeal.

The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.[6] Under OCGA § 5-6-38 (a), a notice of appeal is timely if it is filed within 30 days after entry of the order on appeal.

Here, the trial court's order dismissing the action was entered on August 18, 2020, and Rivers filed his notice of appeal on December 2, 2020, which was 106 days later. The notice of appeal was, therefore, untimely as to that order.

The trial court's order denying Rivers's motion to vacate was entered on November 3, 2020, so the notice of appeal is timely as to that order. However, that order is not subject to direct appeal. In his motion to vacate, Rivers asked the trial court to vacate its order dismissing his case in order to consider Rivers's response to McCullers's motion to dismiss. To the extent the motion was a motion to set aside

[5] See *Jones*, 302 Ga. at 511 (III).

[6] *Davis v. State*, 330 Ga. App. 711 (769 SE2d 133) (2015).

3

under OCGA § 9-11-60 (d), Rivers was required to file an application for discretionary appeal to obtain appellate review of the trial court's order denying his motion.[7] To the extent the motion to vacate was a motion for reconsideration, the denial of a motion for reconsideration is not appealable in its own right.[8] Consequently, Rivers's notice of direct appeal does not confer jurisdiction on this Court, and this appeal must be dismissed.

*Order vacated and appeal dismissed. Barnes, P. J., and Land, J., concur.*

---

[7] See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

[8] See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).