# Court of Appeals
# of the State of Georgia

ATLANTA, March 13, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1126. RANDALL SCOTT BARRON v. THE STATE.

On March 2, 2023, the trial court entered an order denying Randall Scott Barron's motion to withdraw his guilty plea. On April 6, 2023, Barron filed a notice of appeal to this Court. Because the notice was not timely filed, we lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-38 (a). "[T]he proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Davis v. State*, 330 Ga. App. 711, 711 (769 SE2d 133) (2015) (citation, punctuation, and emphasis omitted). Here, Barron filed his notice of appeal 35 days after the trial court

entered its order.[1] This appeal is therefore untimely and is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/13/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[1] In the notice, Barron states that he did not receive the trial court's order until March 7, 2023, five days after it was entered. Although Barron's notice of appeal was filed within 30 days of the date he claims he received the order, the event triggering the 30-day clock for filing a notice of appeal is "[t]he filing with the clerk of a judgment, signed by the judge" — not the losing party's receipt thereof. OCGA § 5-6-31. See generally *Rocha v. State*, 287 Ga. App. 446, 447 (1) (a) (651 SE2d 781) (2007).