# Court of Appeals
# of the State of Georgia

ATLANTA,  May 29, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2042. WENDELL D. SIMMONS v. THE STATE.

Wendell D. Simmons was convicted of rape, sexual battery, aggravated battery, and assault. We affirmed his convictions on appeal in an unpublished opinion. *Simmons v. State*, Case No. A25A0527 (May 27, 2025). Simmons then filed an "Extraordinary Motion for New Trial As to Sentence Only," arguing that his sentence is invalid because court minutes do not show that his indictment was returned in open court. On February 19, 2026, the trial court dismissed the motion, and on April 27, 2026, Simmons filed a notice of appeal to this Court. We lack jurisdiction for two reasons.

First, this appeal is untimely. A notice of appeal must be filed within 30 days after entry of the order on appeal. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Davis v. State*, 330 Ga. App. 711, 711 (769 SE2d 133) (2015). Here, Simmons's notice of appeal was filed 67 days after entry of the trial court's order. The notice is dated March 11, 2026 —before the expiration of Simmons's 30-day appeal period—but was not stamped "filed" by the trial court clerk until April 27. We recognize that, as a pro se prisoner, Simmons is dependent upon correctional personnel to dispatch his mail. Nevertheless, even though Simmons may have acted promptly after receiving the trial court's order, "his filing did not get to the superior court in time. So we have no jurisdiction over his appeal." *Ebeling v. State*, 355 Ga. App. 469, 470 (844 SE2d 518) (2020).

Even if the notice of appeal had been timely filed, Simmons has no right of

appeal here. Regardless of nomenclature, Simmons's motion challenged the validity of his conviction, not his sentence. See *Jones v. State*, 290 Ga. 490, 493(1) (659 SE2d 875) (2008) (holding that the defendant's argument that his indictment was defective was not a challenge to the validity of his sentence). However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218(1) (686 SE2d 786) (2009), and any appeal from an order disposing of such a motion must be dismissed. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*__05/29/2026_____

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*