S03A0883. FULTON v. THE STATE.
(587 SE2d 20)

FLETCHER, Chief Justice.

Frederick Lashun Fulton appeals from his convictions for malice murder and aggravated battery.[1] Because Fulton's notice of appeal was not timely filed, his appeal must be dismissed.

The record shows that Fulton's trial counsel failed to file a motion for new trial. Fulton's first filing was an "amendment to motion for new trial," which was filed by his appellate counsel almost three years after Fulton was sentenced. The trial court denied this motion, and Fulton appealed within 30 days. Because Fulton's motion for new trial was untimely, so is his notice of appeal that followed. The time period for filing a notice of appeal is not tolled by an

---

[8] *Cobb v. State,* 244 Ga. 344, 352 (16) (260 SE2d 60) (1979).
[1] The crimes occurred on June 25, 1997. A grand jury indicted Fulton on September 26, 1997. Following a jury trial, Fulton was convicted of malice murder, felony murder, aggravated battery, aggravated assault and possession of a firearm during the commission of a crime. On October 13, 1999, Fulton was sentenced to life in prison for malice murder, a concurrent twenty year sentence for aggravated battery, and a concurrent five year sentence for possession of a firearm during the commission of a crime. The felony murder count stood vacated by operation of law. Fulton's first motion for new trial, styled "amendment to motion for new trial," was filed on July 23, 2002, and amended on September 10, 2002. The motion was denied on November 20, 2002. Fulton filed his notice of appeal on December 13, 2002. The case was docketed in this Court on March 4, 2003, and submitted for decision without oral argument on April 28, 2003.

untimely motion for new trial.[2]

Fulton may seek an out-of-time appeal in the trial court.[3] Pursuant to the procedure established in *Rowland v. State* and followed in *Wicks v. State*, a copy of this opinion shall be sent to Fulton and a copy shall be sent to his appellate counsel with direction to send a copy to Fulton. If Fulton subsequently seeks and obtains permission from the trial court to pursue an out-of-time appeal, he then will have 30 days within which to file his notice of appeal to this Court to commence the appeal of his convictions. If the trial court denies an out-of-time appeal, Fulton will have 30 days to file a notice of appeal to this Court to commence an appeal of the denial of his motion for out-of-time appeal.

*Appeal dismissed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*Dell Jackson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

[2] *Wicks v. State*, 277 Ga. 121 (587 SE2d 21) (2003); *Porter v. State*, 271 Ga. 498, 498-499 (521 SE2d 566) (1999).

[3] *Wicks*, 277 Ga. at 122; *Rowland v. State*, 264 Ga. 872, 875 (452 SE2d 756) (1995).