307 Ga. 168
FINAL COPY

S19A0597. RICKS v. THE STATE.

PETERSON, Justice.

This appeal has a complicated procedural history. Ultimately, it is an appeal of an order on several motions that were either nullities, untimely, or some combination of both. Either way, the trial court should have dismissed them. But because the trial court decided the motions on the merits instead, we vacate the trial court's order and remand with instructions to dismiss.

On May 4, 2012, while represented by counsel, Ashleigh Elaine Ricks pleaded guilty to felony murder in Baldwin County. That same day, the trial court entered a conviction and sentence of life imprisonment. Later that month, during the same term of court, Ricks filed two pro se motions, as well as a letter to the trial court, arguing that her plea was involuntary and that her plea counsel was ineffective; one motion asked "to appeal" the trial court's sentencing order and the other asked the trial court to "reduce her charge to

involuntary manslaughter and sentence her accordin[g]ly." In June 2012, Ricks filed a motion asking the court to give her permission to proceed pro se and to allow her plea counsel to withdraw. The next term of court in Baldwin County Superior Court began on the second Monday in July — July 9, 2012. See OCGA § 15-6-3 (28) (A) (fixing the starting dates for the terms of the Superior Court in Baldwin County as the "[s]econd Monday in January, April, July, and October"). In August 2012, Ricks filed pro se a motion for new trial — asserting ineffective assistance of counsel — and a motion for change of venue.

The record contains no written order on Ricks's motion seeking permission for her plea counsel to withdraw and to proceed pro se. But new counsel ("motion-to-withdraw counsel") represented Ricks at an October 5, 2012 hearing on her pro se motions. Motion-to-withdraw counsel did not file a new or amended motion seeking withdrawal of Ricks's plea, but cross-examined plea counsel at the hearing and argued that Ricks should be allowed to withdraw her guilty plea.

In its order filed on November 20, 2012, the trial court said it was treating "a series of filings" by Ricks as requests to withdraw her plea and for a reduction of sentence; the trial court denied those motions on the merits. Motion-to-withdraw counsel filed a notice of appeal of the trial court's ruling, and Ricks is pursuing this appeal through new appellate counsel.[1] Ricks makes several arguments before this Court as to why the trial court erred in denying her request to withdraw her plea.[2] But we do not reach those claims of error.

To the extent Ricks's May 2012 pro se filings were a request to

---

[1] The notice of appeal filed by motion-to-withdraw counsel on October 25, 2012, was premature, because it was filed before the trial court entered its written order. See *Gillen v. Bostick*, 234 Ga. 308, 310-311 (1) (215 SE2d 676) (1975) (prematurity of notice of appeal does not divest appellate court of jurisdiction). Ricks's counsel also filed a motion to withdraw as counsel, which the trial court granted in an order entered on October 30, 2012. Six years later, in August 2018, the appeal of the November 20, 2012 order was docketed in this Court, with motion-to-withdraw counsel still listed as counsel of record. On October 18, 2018, because no brief had been filed for Ricks and motion-to-withdraw counsel had informed this Court that she no longer represented Ricks, this Court entered an order striking the case from the docket and remanding to the trial court for a determination of whether new counsel should be substituted or appointed. On December 3, 2018, the trial court entered an order approving the appointment of appellate counsel.

[2] The only error that Ricks enumerates is the denial of her motion to withdraw her guilty plea. Therefore, the denial of her motion for a reduction in her sentence is not before us.

withdraw her guilty plea, those filings were nullities that presented nothing for the trial court to decide. Here, the trial court entered a judgment of conviction and sentence on May 4, 2012, and Ricks's pro se filings entered later that month came well before the next term of court began in July 2012. See OCGA § 15-6-3 (28) (A). Given that the record contains no order allowing plea counsel to withdraw before she submitted her pro se filings in May 2012, Ricks was still represented by counsel when she submitted them, such that her pro se motions were legal nullities. *Dos Santos v. State*, 307 Ga. ___, ___ (2), (3) (___ SE2d ___) (decided October 21, 2019) ("Dos Santos's pro se motion to withdraw her pleas was unauthorized and without effect, because she had no right to represent herself at the same time she was represented by a lawyer."). And although motion-to-withdraw counsel argued at the October 2012 hearing that Ricks should be allowed to withdraw her guilty plea, that "could not breathe life into [Ricks's] inoperative pleading[s]." Id. at __ (3) n.4. The trial court therefore should have dismissed Ricks's May 2012 pro se motions, rather than denied them. Id. at 9 __ (3); see also

4

*White v. State*, 302 Ga. 315, 319-320 (2) (806 SE2d 489) (2017).

The trial court's order also appears to have disposed of the August 2012 filings, as well. It is not clear from the record whether Ricks was represented by counsel when she submitted those filings, as the record contains neither an order relieving plea counsel of his duties nor an order appointing motion-to-withdraw counsel.[3] If Ricks were represented at the time she purported to make filings on her own behalf, those filings also would be legal nullities. See *Dos Santos*, ___ Ga. at ___ (2), (3). But those filings were entered after the term of court in which she was convicted and sentenced had ended and after the period for filing a timely notice of appeal had expired, so we do not presume that Ricks was represented by counsel when she purported to make filings on her own behalf. See id. at ___ (2), ___ (5). And yet, regardless of whether Ricks was represented when she submitted the purportedly pro se August 2012 filings, they were submitted after the expiration of the term of court during

---

[3] The record indicates that the trial court sent a notice of the hearing on Ricks's motions to plea counsel in September 2012, but new counsel represented her at that hearing.

which Ricks entered her guilty plea. Therefore, the trial court no longer had jurisdiction to grant a motion to withdraw a guilty plea. See id. at ___ (4) n.5; *White*, 302 Ga. at 320 (2); *Brooks v. State*, 301 Ga. 748, 751 (2) (804 SE2d 1) (2017). To the extent that the trial court construed either of the August 2012 filings as a motion to withdraw a guilty plea and thereby disposed of them in its November 2012 order, the trial court should have dismissed, rather than denied, the motion. *White*, 302 Ga. at 320 (2); *Brooks* 301 Ga. at 752 (2).

In short, whether Ricks's filings were nullities or merely untimely, the trial court should have dismissed them. But instead, the trial court considered them on the merits, stating that it found "no evidence of either sub-standard performance from her trial counsel or prejudice arising from his actions" and "no grounds to adjust or reduce the Defendant's sentence." We therefore vacate the trial court's order and remand with instructions to dismiss Ricks's May 2012 pro se filings, and, at least to the extent that it construed them as a motion to withdraw a guilty plea, Ricks's August 2012 pro

se filings. See *Dos Santos*, 307 Ga. at __ (3) ("The trial court should have dismissed Dos Santos's pro se motion rather than ruling on its merits. We therefore vacate the trial court's judgment and remand the case with direction to dismiss the motion." (citation and footnote omitted)); *Brooks*, 301 Ga. at 752 (2) ("[B]ecause the court's order plainly shows that it denied Brooks's untimely motion on the merits . . . . we vacate the trial court's order and remand with instructions to dismiss.").

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED OCTOBER 31, 2019.

Murder. Baldwin Superior Court. Before Judge George, Senior Judge.

*Bentley C. Adams III*, for appellant.

*Stephen A. Bradley, District Attorney, Tammy G. Coffey, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vanessa T. Sassano, Assistant Attorney General*, for appellee.