309 Ga. 376
FINAL COPY

S20A0470.  POUNDS v. THE STATE.

WARREN, Justice.

In 2017, William C. Pounds III was convicted of malice murder. Pounds filed a motion for new trial, but did so after the statutory filing deadline for motions for new trial had expired; the motion was therefore untimely.  However, the trial court did not dismiss Pounds's motion for new trial as untimely; instead, it denied the motion on the merits.  Then, three weeks later, and almost two years after Pounds was convicted, the trial court granted Pounds an out-of-time appeal.  But because the trial court's merits ruling on Pounds's late-filed and untimely motion for new trial was invalid, Pounds never obtained a valid ruling on the motion for new trial that preceded his request for an out-of-time-appeal and that ripened upon the grant of the out-of-time appeal.  As a result, when Pounds filed a notice of appeal to this Court, his prior motion for new trial was still pending, and the trial court retained jurisdiction to rule on

it. For these reasons, as explained more fully below, Pounds's appeal must be dismissed.

1. *Procedural History.*

On October 25, 2017, the trial court entered Pounds's judgment of conviction and sentence for malice murder. Acting pro se, Pounds filed a purported motion for new trial on October 27, 2017.[1] Later, current appellate counsel — a different attorney than had represented Pounds at trial — began representing Pounds. More than one-and-a-half years after the judgment, appellate counsel filed on May 30, 2019, a motion styled as an "amended motion for new trial" on Pounds's behalf.[2] The trial court purported to deny the

[1] As further discussed below, the pro se motion for new trial Pounds filed on October 27, 2017, was timely under OCGA § 5-5-40 (a), but because the record contains no order or other ruling allowing trial counsel to withdraw before Pounds submitted his motion for new trial, Pounds was still represented by counsel, and the motion was therefore a legal nullity. See *Ricks v. State*, 307 Ga. 168, 169 (835 SE2d 179) (2019) (citing *Dos Santos v. State*, 307 Ga. 151, 154 (834 SE2d 733) (2019)); *Howard v. State*, 307 Ga. 12, 12 n.1 (834 SE2d 11) (2019).

[2] As explained more below in Division 4, the "amended motion for new trial" was not actually an *amended* motion because a void legal filing (such as the pro se motion Pounds filed while still represented by counsel here) cannot be amended. Because the substance of the motion Pounds's counsel filed

amended motion on the merits on August 20, 2019, and then granted an out-of-time appeal on September 11, 2019. The trial court took no further action related to the motion for new trial, and Pounds filed his notice of appeal on September 20, 2019.

2. *Legal Background.*

This Court has a duty "to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court." *Duke v. State*, 306 Ga. 171, 172 (829 SE2d 348) (2019) (citation and punctuation omitted). In this case, that duty requires us to consider the interplay between a pro se motion for new trial filed while a defendant is still represented by trial counsel, a late-filed (and thus untimely) motion for new trial, a trial court order ruling on the merits of an untimely motion for new trial, and a grant of an out-of-time appeal, and, in turn, the effect those motions and rulings have on this Court's jurisdiction to hear Pounds's appeal.

---

indicates that it was a motion for new trial, we treat it as such. See *Bell v. Figueredo*, 259 Ga. 321, 322 (381 SE2d 29) (1989) ("It is well established that there is no magic in nomenclature.") (citation and punctuation omitted). Whether that motion for new trial was timely filed is, however, a separate question.

(a) *Statutory Deadline for Filing a Motion for New Trial.*

"All motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury." OCGA § 5-5-40 (a). Extraordinary motions for new trial are permitted under OCGA §§ 5-5-40 (a) and 5-5-41, but are only "an extraordinary remedy that provides a means for a defendant to seek a new trial outside of the ordinary 30-day period when extraordinary circumstances exist." *Mitchum v. State*, 306 Ga. 878, 880 (834 SE2d 65) (2019). And, generally speaking, an untimely motion for new trial cannot be construed "as an extraordinary motion for new trial [if] it [is] unaccompanied by any attempt to show 'some good reason . . . why the motion was not made during (the 30-day) period' following entry of the judgment and sentence." *Porter v. State*, 271 Ga. 498, 499 (521 SE2d 566) (1999) (quoting OCGA § 5-5-41 (a)).

(b) *Relevant Precedent Regarding Motions for New Trial.*

Our case law establishes a number of additional rules that govern motions for new trial. We review several of them below.

First, regardless of whether the 30-day period after "the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury," OCGA § 5-5-40 (a), has expired, if a defendant files a motion for new trial on his own behalf when he is still represented by counsel, that motion is a legal nullity. *Howard v. State*, 307 Ga. 12, 12 n.1 (834 SE2d 11) (2019) (defendant's "initial pro se motion [for new trial] was a nullity . . . because he was still represented by counsel at the time of filing"); *Cotton v. State*, 279 Ga. 358, 361 (613 SE2d 628) (2005) (explaining that a pro se motion for new trial while represented was "unauthorized and without effect"). See also *Dos Santos v. State*, 307 Ga. 151, 154-155 (834 SE2d 733) (2019) (explaining that "pro se filings by represented parties" are "legal nullities" and therefore "unauthorized and without effect," specifically in the context of motions to withdraw a guilty plea, but also with respect to post-trial motions like motions for new trial). Moreover, that a new attorney later begins representing a defendant and files a motion for new trial that purports to amend a pro se motion the defendant filed while still

represented by previous counsel cannot "breathe life into" that earlier motion, because the earlier motion is an "inoperative pleading" and is thus a legal nullity.  Id. at 155 n.4.

Second, we recently explained that a post-conviction motion "filed by counsel, or pro se by a defendant no longer represented by counsel," after expiration of the time allowed for filing of the motion, "is merely untimely, not a legal nullity." Id. at 156 n.5.  Notably, however, several of our previous decisions characterized this type of late-filed motion for new trial not as untimely, but as "void."[3]  See *Sanders v. State*, 289 Ga. 655, 659 (715 SE2d 124) (2011); *Clemons v. State*, 288 Ga. 445, 446 (704 SE2d 762) (2011); *Wicks v. State*, 277 Ga. 121, 121 (587 SE2d 21) (2003); *Gulledge v. State*, 276 Ga. 740, 741 (583 SE2d 862) (2003); *Fairclough v. State*, 276 Ga. 602, 603

---

[3] By contrast, in *Southall v. State*, 300 Ga. 462 (796 SE2d 261) (2017), we held that a motion for new trial that is filed *before* entry of the judgment about which it complains — i.e., a motion that is untimely because it is *early* — is not "void" but is simply "premature" and "dormant in its effect," and that, so long as it sufficiently identifies the judgment involved, the motion "becomes fully effective upon entry of that judgment, enabling the trial court — and ultimately the appellate court pursuant to a properly filed notice of appeal — to review all of the issues raised in the motion on their merits."  Id. at 466-467.

(581 SE2d 3) (2003); *Porter*, 271 Ga. at 498; *Johnson v. State*, 227 Ga. 219, 219 (180 SE2d 94) (1971). The characterization is at best a misnomer, because motions for new trial that are filed late and are thus untimely are not void in the sense that they are legal nullities without any effect.[4]

Indeed, under our case law, a late-filed and untimely motion for new trial generally *can* become effective, if and when an out-of-

---

[4] Although we used the term "void" to describe late-filed motions for new trial in the cases cited above, it appears that we used "void" in many of those cases to describe one particular way that late-filed motions for new trial do not have effect: a late-filed motion for new trial cannot toll the time for filing a notice of appeal under OCGA § 5-6-38 (a). See, e.g., *Blackmon v. State*, 306 Ga. 90, 91 n.1 (829 SE2d 75) (2019); *Fulton v. State*, 277 Ga. 126, 126 (587 SE2d 20) (2003); *Wicks*, 277 Ga. at 121; *Gulledge*, 276 Ga. at 741; *Porter*, 271 Ga. at 498-499 ("To allow untimely filed motions, and thereby toll or delay the time for filing a notice of appeal, would violate the provisions of OCGA § 5-6-39 (b), prohibiting extensions of time for filing such motions, as well as ignore the further mandate of OCGA § 5-6-39 (d), that requires within 30 days either the filing of a notice of appeal or the obtaining of an extension of time therefor.") (citation and punctuation omitted); *Johnson*, 227 Ga. at 219. Cf. *Washington v. State*, 276 Ga. 655, 656 (581 SE2d 518) (2003) (holding that a direct appeal is available if the trial court grants permission to file an out-of-time motion for new trial before denying the previously untimely motion on its merits). To the extent that our use of the term "void" in *Wicks*, *Gulledge*, *Porter*, or *Johnson* can be construed to mean that a late-filed motion for new trial is a legal nullity without any legal effect, they are hereby disapproved. We note that *Fairclough*, 276 Ga. at 603, also cites *Porter* and in so doing references a late-filed motion for new trial as "void." Although that characterization is inaccurate and should be avoided in future cases, the use of that misnomer did not affect the holding in that case.

time appeal is granted. We have explained this theory as follows: "Once [an] out-of-time appeal [is] granted, it reset[s] the time for [the defendant's] post-trial proceedings[,] and his motion for new trial, which [was] untimely, ripen[s]." *Lay v. State*, 305 Ga. 715, 715 n.1 (827 SE2d 671) (2019); see also *Fairclough*, 276 Ga. at 603 (because the grant of an out-of-time appeal permits a defendant "to start the post-conviction process anew" and "to pursue the post[-]conviction remedy of a new trial," and because it is the "functional equivalent of the entry of a judgment," the grant of an out-of-time appeal renders a motion for new trial filed more than 30 days after entry of the judgment "one which was only *prematurely* filed[,] and this prematurity will not serve to deprive the appellate court of jurisdiction to review the merits of the appeal") (citations and punctuation omitted; emphasis in original).[5] As a result, a late-filed

---

[5] As we did in *Fairclough*, we have continued to recognize that because the grant of an out-of-time appeal is "'the functional equivalent of the entry of a judgment,'" *Moore v. State*, 303 Ga. 743, 745 (814 SE2d 676) (2018) (quoting *Fairclough*, 276 Ga. at 603), it "permits a defendant to start the post-conviction process anew" and "constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial," *Robinson v. State*, 306

motion for new trial is *untimely* when it is filed but is not *void* insofar as a trial court's later actions could breathe new life into it.

Third, absent the grant of an out-of-time appeal, the appropriate disposition for a late-filed motion for new trial that cannot be construed as an extraordinary motion for new trial is for the trial court to *dismiss* the motion as untimely. See *Ricks v. State*, 307 Ga. 168, 170 (835 SE2d 179) (2019) (whether a late-filed post-conviction motion is a legal nullity or "merely untimely," the trial court should dismiss the motion, rather than make any ruling on the merits). That is because the trial court does not have jurisdiction to rule on the merits of a motion for new trial filed after the 30 days permitted by OCGA § 5-5-40 (a). See *Ricks*, 307 Ga. at 170 (when a post-conviction motion was filed after expiration of the time allowed, the trial court "no longer had jurisdiction" to rule on the merits);

---

Ga. 614, 617 n.4 (832 SE2d 411) (2019) (citations and punctuation omitted). Indeed, the out-of-time appeal process remains "an exception to the general rule that a trial court's jurisdiction ends following a final conviction and the end of the term of court." *Collier v. State*, 307 Ga. 363, 376 (834 SE2d 769) (2019). Some Justices have questioned whether this process should be maintained. See id. at 379-382 (Peterson, J., concurring, joined by Blackwell, Boggs, and Bethel, JJ.).

*Brooks v. State*, 301 Ga. 748, 751-752 (804 SE2d 1) (2017) (holding that the trial court "lacked jurisdiction" to consider a late post-conviction motion, and stating that "when a trial court is presented with a motion it lacks jurisdiction to decide, the trial court should dismiss the motion rather than deny it"). See also *Gable v. State*, 290 Ga. 81, 85 (720 SE2d 170) (2011) (although in certain cases we "have excused a party's failure to comply with court rules and other non-jurisdictional procedural requirements, . . . courts have 'no authority to create equitable exceptions to jurisdictional requirements' imposed by statute.") (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (127 SCt 2360, 168 LE2d 96) (2007)).[6] Indeed, an order disposing of a late-filed motion for new trial on the merits would *itself* be invalid. See *Brooks*, 301 Ga. at 752 (an order plainly denying on the merits an untimely post-conviction motion cannot function as an authorized dismissal of the motion and is subject only

---

[6] *Bowles* recognized "the distinction between claims-processing rules and jurisdictional rules," but "also recognized the jurisdictional significance of the fact that a time limitation is set forth in a statute," as opposed to rules of court. 551 U.S. at 210.

to vacatur). Cf. *Duke*, 306 Ga. at 172 (statutory provisions "respecting the procedure to be followed in perfecting appeals to this Court are jurisdictional, and unless this Court has jurisdiction of a case, it is without power or authority to render a judgment upon review") (citation and punctuation omitted).

Importantly, however, whereas our case law permits a prematurely filed motion for new trial to ripen upon the entry of judgment, see *Southall v. State*, 300 Ga. 462, 466-467 (796 SE2d 261) (2017), and a late-filed motion for new trial can be brought back to life upon a trial court's grant of an out-of-time appeal, see, e.g., *Fairclough*, 276 Ga. at 603, no such authority exists to ripen or breathe new life into an invalid trial court *order* ruling on the merits of a late-filed motion for new trial. Cf. *Clemons*, 288 Ga. at 446 (upholding the denial of a motion for new trial not because the trial court's ruling on the merits was correct, but because the motion was not filed within the 30 days permitted in OCGA § 5-5-40 (a)).

3. *Clemons v. State*.

*Clemons v. State* is an example of how our Court has grappled

with the interplay between (and the legal consequences of) a late-filed motion for new trial and a later grant of an out-of-time appeal. It is especially relevant here because it is procedurally on all fours with Pounds's appeal. In *Clemons*, the appellant filed an untimely motion for new trial raising a claim of ineffective assistance of trial counsel, and the trial court denied the late-filed motion before later granting an out-of-time appeal. When the appellant appealed, we held that the late-filed motion for new trial was "void" and thus "bar[red] review" on appeal of the ineffective assistance of counsel claim the appellant alleged in that motion for new trial. We therefore did not review the merits of the error alleged in the untimely motion for new trial. *Clemons*, 288 Ga. at 446-447.

*Clemons*, however, is in tension with much of our case law on motions for new trial. There, although we recognized that the appellant's late-filed motion for new trial was untimely, we also characterized the late-filed motion as "void." Id. at 446. Moreover, we acknowledged that the trial court ruled on a late-filed motion for new trial, yet we still "affirmed" the trial court's denial on the merits

of the motion for new trial as to the error alleged in that motion, effectively affirming the trial court's judgment of conviction.[7] We explained that because "the motion was void, there was no error in [the trial court] denying it"[8] and that "[o]nce that void motion for new trial was denied, the subsequent grant of an out-of-time appeal could no longer render the motion merely premature." Id. at 446 (citing and distinguishing *Fairclough*, 276 Ga. at 603, as a case "where [the] grant of out-of-time appeal rendered a prior void motion for new trial one which was premature, and the motion was only thereafter denied"). See also *Sanders*, 289 Ga. at 659 (following *Clemons*); *Ingram v. State*, 297 Ga. 854, 857 (778 SE2d 781) (2015) (following *Sanders*).

Yet *Clemons* did not recognize that a late-filed motion for new trial is merely untimely and is not void in the sense of a legal nullity;

[7] The case *Clemons* relied on to "affirm" was *Dae v. Patterson*, 295 Ga. App. 818, 819 (1) (673 SE2d 306) (2009), which was later overruled in *Southall*, 300 Ga. at 468.

[8] The case *Clemons* relied on for this proposition was *Harrison v. Harrison*, 229 Ga. 692, 692 (2) (194 SE2d 87) (1972), which was also overruled in *Southall*, 300 Ga. at 468.

that the timeliness requirement for a motion for new trial under

OCGA § 5-5-40 (a) is jurisdictional; that dismissal of an untimely

motion is the proper disposition for a late-filed motion for new trial;

and that an order denying a late-filed motion for new trial that is

plainly on the merits is itself an invalid order.[9]

But because a trial court *order* denying a late-filed and

untimely motion for new trial on the merits is, and remains, invalid

when an out-of-time appeal is granted, the *motion* for new trial itself

— which becomes ripe, though it was initially late-filed — remains

pending because no court has issued a valid legal judgment resolving

---

[9] Our reasoning in *Clemons* presents another analytical problem. *Clemons* was correct to the extent it distinguished *Fairclough* and recognized that the timing and sequence of an out-of-time appeal matters: specifically, it makes a difference whether a late-filed and untimely motion for new trial is denied on the merits and *then* an out-of-time appeal is granted, as opposed to an out-of-time appeal being granted and then the late-filed and untimely motion for new trial being denied on the merits. In the latter instance, the motion ripens upon the grant of the out-of-time appeal, its denial on the merits is valid, and a direct appeal may be filed within 30 days after denial of the motion. See *Fairclough*, 276 Ga. at 603. But *Clemons* did not recognize that for the former instance — i.e., when a late-filed and untimely motion for new trial is denied on the merits and *then* an out-of-time appeal is granted — the order denying the motion for new trial is invalid, but the untimely motion for new trial still ripens because the trial court's order on the motion had no legal effect, and that order cannot be "affirmed" on appeal or otherwise spring back to life so as to decide the newly ripened motion for new trial.

it. And because the motion for new trial is pending, any notice of appeal to an appellate court "has not yet ripened, and the trial court retains jurisdiction to dispose of the motion for new trial." *State v. Hood*, 295 Ga. 664, 664 (763 SE2d 487) (2014). As a result, so long as a "case properly remains within the jurisdiction of the trial court," and absent an applicable exception such as an interlocutory appeal as provided in OCGA § 5-6-34 (b), any appeal must be dismissed. *Hood*, 295 Ga. at 665.

Given the consequential shortcomings in *Clemons*, and its analytical dissonance with our other precedents in this area, we hereby overrule *Clemons v. State*, 288 Ga. 445 (704 SE2d 762) (2011). Stare decisis considerations do not require a different conclusion. Under that doctrine, "courts generally stand by their prior decisions, because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *State v. Lane*, 308 Ga. 10, 17 (838 SE2d 808) (2020) (punctuation omitted) (quoting *Olevik v. State*, 302

Ga. 228, 244 (806 SE2d 505) (2017)). But stare decisis "is not an inexorable command." *Lane*, 308 Ga. at 17 (citation and punctuation omitted). "'When we consider whether an earlier decision ought to be reexamined, we consider a number of factors, including the age of the precedent, the reliance interests involved, the workability of the prior decision, and most importantly, the soundness of its reasoning.'" *Southall*, 300 Ga. at 467 (citation omitted).

As for the most important factor, we cannot say that the reasoning in *Clemons* is sound. As explained above, the reasoning we relied on to affirm on the merits the trial court's denial of the late-filed motion for new trial in *Clemons* was erroneous in several respects; we should have instead dismissed the appeal so that the trial court properly could exercise the jurisdiction it retained to consider the merits of the motion for new trial, which had ripened upon its grant of an out-of-time appeal.[10] Accordingly, the reasoning

[10] We perpetuated the same error in the two cases that follow *Clemons* in this regard. To that end, our review of the archived records in *Clemons*,

of *Clemons* and its progeny is unsound and is inconsistent with applicable legal principles articulated in our other case law in this area.

Second, the issues involved are ones "of appellate procedure, not contract, property, or other substantive rights in which anyone has a significant reliance interest." *Southall*, 300 Ga. at 467 (citation and punctuation omitted). To that end, overturning *Clemons* course-corrects an important aspect of appellate procedure by properly treating a trial court order disposing of a late-filed motion for new trial on the merits as invalid, allowing the motion itself to ripen upon the grant of an out-of-time appeal, and then ensuring that the trial court properly has ruled upon that motion before any appeal is filed. This correction, which aligns with the weight of our other precedent in this area, helps prevent the loss of a defendant's valuable rights to post-trial review, and the State will

---

*Sanders*, and *Ingram* confirms that in each case, the trial court's order denying the defendant's late-filed motion for new trial was plainly a denial on the merits. We nonetheless affirmed the denial of the motions for new trial in those cases.

not be prejudiced or misled as a result because it will still be permitted to oppose a defendant's late-filed motion for new trial if the trial court grants an out-of-time appeal. See id. at 465-466, 467 (treating a premature motion for new trial as effectively filed upon entry of the trial court's judgment does not prejudice the prevailing party).

Third, we cannot say that *Clemons* is workable, because—in addition to being inconsistent with other precedent in this area—*Clemons*'s approval of appellate courts affirming invalid trial court orders sets up a "trap for unwary litigants, lawyers, and judges," *City of Cumming v. Flowers*, 300 Ga. 820, 833 (797 SE2d 846) (2017), and can impede the rights of review for defendants who are entitled to an out-of-time appeal.[11]

---

[11] Indeed, if we were to follow *Clemons* going forward, our affirmance of an invalid trial court order denying on the merits a late-filed motion for new trial would become the law of the case for a defendant regarding the issues raised in the motion for new trial. See *Strozier v. State*, 306 Ga. 169, 170 (829 SE2d 361) (2019) (Georgia's law of the case rule applies to criminal cases and "provides that holdings of the Supreme Court in a case shall be binding in all subsequent proceedings in that case in the lower court."); *State v. Jackson*, 295 Ga. 825, 827 (764 SE2d 395) (2014) ("Upon remittitur, the disposition of [the defendant's] motion for new trial was final, and this Court's order became the

Finally, *Clemons* is "'neither ancient nor entrenched'"; it is only nine years old, and the erroneous portion of *Clemons* has been followed only in *Sanders* and *Ingram*. See *Southall*, 300 Ga. at 468 (citation omitted). Accordingly, we overrule *Clemons v. State*, 288 Ga. 445, 446 (704 SE2d 762) (2011), *Sanders v. State*, 289 Ga. 655, 659 (715 SE2d 124) (2011), and *Ingram v. State*, 297 Ga. 854, 857 (778 SE2d 781) (2015).

4. *Applying This Court's Motion for New Trial Case Law to Pounds's Appeal.*

With *Clemons* no longer good law, and applying the legal principles articulated above, we conclude that Pounds's appeal must be dismissed. First, Pounds's pro se motion for new trial was a legal nullity — a motion without any legal effect — because the record contains no ruling allowing trial counsel to withdraw, nor even any request for the withdrawal of trial counsel or any invocation of the

---

law of the case."). Practically speaking, that means that if we affirmed an invalid trial court order denying (instead of dismissing) a late-filed motion for new trial without deciding whether the trial court had *correctly* decided the issues, a defendant would be bound by our ruling and could be precluded from asserting claims that would otherwise have been available for post-conviction review if and when the trial court granted an out-of-time appeal.

right to self-representation, so Pounds was still represented at the time of his pro se motion for new trial.  See, e.g., *Howard*, 307 Ga. at 12 n.1.  Cf. *Walker v. State*, ___ Ga. ___, ___ (843 SE2d 561) (2020) ("the trial court's on-the-record finding that Appellant had freely, intelligently, and knowingly elected to waive his right to counsel and to represent himself was sufficient to make effective Appellant's pro se motion for new trial filed on the next day").

Second, the "amended" motion for new trial later filed by Pounds's current appellate counsel was not an "amended" motion at all.  That is because a void legal filing (such as the motion for new trial Pounds filed pro se while still represented by counsel) — which is itself a legal nullity — cannot be amended.  See *Dos Santos*, 307 Ga. at 155 n.4 (noting that even though defendant secured new counsel after filing a pro se motion to withdraw her plea while still represented by prior counsel, "new counsel who represented her at the hearing on her motion . . . could not breathe life into her inoperative pleading" because a legally void motion cannot be resuscitated by appearance of counsel alone, and even an attorney

"purporting to amend a prior filing that was a nullity" cannot change the void nature of the legally inoperative motion) (citation and punctuation omitted). See also, e.g., *Roberts v. McCollum*, 215 Ga. 174, 175 (109 SE2d 744) (1959) ("[A] void proceeding is not amendable."). Looking past the "amended" label to the substance of the motion Pounds's appellate counsel filed on Pounds's behalf, we conclude that it was a motion for new trial and in fact was the first and only legally operative motion for new trial filed on Pounds's behalf. See *Lay*, 305 Ga. at 715 n.1 (noting that although "new appellate counsel filed a document styled as an 'amended' motion for new trial, … it was actually the first such motion in the case"); *Fulton v. State*, 277 Ga. 126, 126 n.1 (587 SE2d 20) (2003) (defendant's "first motion for new trial [was] styled 'amendment to motion for new trial'"). That motion for new trial, however, was not filed within 30 days of the judgment of conviction as required under OCGA § 5-5-40 (a), and we cannot construe it as an extraordinary motion for new trial because it was not accompanied by any attempt to show a good reason why it was not filed within 30 days of the

entry of judgment. See OCGA § 5-5-41 (a); *Porter*, 271 Ga. at 499. The motion for new trial filed by appellate counsel was therefore untimely, though it was not a legal nullity. See *Dos Santos*, 307 Ga. at 156 n.5.

Third, the trial court was not authorized to take any action on Pounds's late-filed and untimely motion for new trial other than dismissal. See *Ricks*, 307 Ga. at 170. The trial court nevertheless entered an order that purported to deny on the merits Pounds's untimely motion. But because that order ignored the filing deadline imposed on Pounds by OCGA § 5-5-40 (a), the trial court had no jurisdiction to enter it, and the order was therefore invalid. See *Ricks*, 307 Ga. at 170; *Brooks*, 301 Ga. at 751-752; *Gable*, 290 Ga. at 85.

Finally, about three weeks after the trial court erroneously denied Pounds's late-filed motion for new trial, it also granted Pounds an out-of-time appeal. Although that grant of an out-of-time appeal could not resuscitate the trial court's invalid order on Pounds's late-filed motion for new trial, it could and did render

Pounds's initially untimely motion for new trial ripe for review. See *Lay*, 305 Ga. at 715 n.1; *Fairclough*, 276 Ga. at 603. As a result, that motion for new trial remains pending, the trial court has jurisdiction to rule on the merits of the motion, the notice of appeal that Pounds filed pursuant to the grant of out-of-time appeal has not ripened, and the attempted appeal in this Court must be dismissed. See *Hood*, 295 Ga. at 664-665.[12]

*Appeal dismissed. All the Justices concur.*

DECIDED JULY 1, 2020.
Murder. Bibb Superior Court. Before Judge Simms.
*Nicholas E. White*, for appellant.
*K. David Cooke, Jr., District Attorney, Jason M. Martin, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Eric C. Peters, Assistant Attorney General*, for appellee.

---

[12] If, after the appeal to this Court is dismissed, the trial court denies Pounds's motion for new trial, the judgment of conviction will stand, and Pounds's previously filed notice of appeal to this Court will ripen. See *Hood*, 295 Ga. at 665.