# Court of Appeals
# of the State of Georgia

ATLANTA,  March 12, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1085. NICHOLAS DEPAUL BURSE v. THE STATE.**

Following a trial at which Nicholas Depaul Burse was represented by counsel, a jury found Burse guilty of armed robbery and other charges. On November 28, 2012, Burse filed a pro se motion for new trial, and on November 30, 2012, the trial court entered the judgment of conviction. Burse's counsel filed several amended motions for new trial beginning in 2017. However, Burse did not file a timely motion for new trial through counsel. The trial court denied Burse's motions on January 22, 2021, and Burse filed the instant appeal from that order. However, we lack jurisdiction.

"Under longstanding Georgia law, the proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." *Davis v. State*, 330 Ga. App. 711, 711 (769 SE2d 133) (2015) (punctuation omitted). Generally, a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment complained of." OCGA § 5-6-38 (a). However, "when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion[.]" Id. A motion for new trial must be filed within 30 days of a judgment of conviction. OCGA § 5-5-40 (a). "[A] late-filed motion for new trial cannot toll the time for filing a notice of appeal under OCGA § 5-6-38 (a)." *Pounds v. State*, 309 Ga. 376, 378 n.4 (2) (b) (846 SE2d 48) (2020); see also *Blackmon v. State*, 306 Ga. 90, 91 n.1 (829 SE2d 75) (2019) ("[T]he time period for filing a notice of appeal is not tolled by an untimely motion for new trial.").

Here, although Burse filed a pro se motion for new trial and a counseled,

amended motion for new trial, these motions did not operate to toll the deadline for filing a notice of appeal from his judgment of conviction. The pro se motion for new trial was a legal nullity. "A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted). Such unauthorized filings include motions for new trial. *Pounds*, 309 Ga. at 377 (2) (b) ("[I]f a defendant files a motion for new trial on his own behalf when he is still represented by counsel, that motion is a legal nullity."); see also *White v. State*, 302 Ga. 315, 318 (2) (806 SE2d 489) (2017) (the duties of trial counsel extend for at least the 30 days after the entry of judgment of conviction when a notice of appeal may be filed). Nothing in the record indicates that trial counsel withdrew or was relieved of representation when Burse filed his pro se motion for new trial. Accordingly, Burse's pro se motion for new trial was a legal nullity, see *Pounds*, 309 Ga. at 377 (2) (b), and therefore could not operate to extend the time for filing a notice of appeal.

Although counsel filed an amended motion for new trial, "a pleading purporting to amend a prior filing that was a nullity . . . does not relate back in time to the date of the non-filing[.]" *White*, 302 Ga. at 320 (3); see also *Pounds*, 309 Ga. at 384 (4) ("[A] legally void motion cannot be resuscitated by the appearance of counsel alone, and even an attorney purporting to amend a prior filing that was a nullity cannot change the void nature of the legally inoperative motion.") (punctuation omitted). Rather, the amended motion for new trial must be treated as "the first and only legally operative motion for new trial filed on [Burse's] behalf." *Pounds*, 309 Ga. at 384 (4). However, that filing – made five years after the judgment of conviction – was not timely. See OCGA § 5-5-40 (a). As such, it did not extend the time for Burse to file a notice of appeal. See *Pounds*, 309 Ga. at 378 n.4 (2) (b); *Blackmon*, 306 Ga. at 91 n.1. Accordingly, Burse's notice of appeal is untimely, and this case is hereby DISMISSED for lack of jurisdiction.

To the extent that Burse's right to appeal has been frustrated by errors of counsel, he may be entitled to an out-of-time appeal. See *Rowland v. State*, 264 Ga.

872, 875-876 (2) (452 SE2d 756) (1995). He therefore is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This appeal has been dismissed because you failed to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal. The clerk of court is DIRECTED to send a copy of this order to Burse as well as to Burse's attorney, who is also DIRECTED to send a copy to Burse.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/12/2021*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.

---

[1] We note that if the trial court grants Burse an out-of-time appeal, that order will have the effect of "render[ing Burse's] initially untimely motion for new trial ripe for review." *Pounds*, 309 Ga. at 385 (4).