# Court of Appeals
# of the State of Georgia

ATLANTA,  August 12, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0781. LEWIS HALLE, JR. v. THE STATE.**

Following a bench trial, the superior court found Lewis Halle, Jr., guilty of sexual battery and entered his sentence on March 14, 2018. In August 2018, the superior court granted Halle's motion for an out-of-time appeal. More than seven months later, he filed an initial, counseled motion for a new trial, which he amended nearly a year after that.[1] The superior court denied the motion on the merits in July 2020, and Halle filed a notice of appeal later that month. We dismissed the appeal on grounds that, because Halle's motion for a new trial was untimely, it did not toll the time to file a notice of appeal, as a result of which his July 2020 notice of appeal was untimely, as it was filed more than two years after his sentence was entered. See *Halle v. State*, No. A21A0363 (Oct. 21, 2020); see also *Pounds v. State*, 309 Ga. 376, 378 (2) (b) n. 4 (846 SE2d 48) (2020) (an untimely motion for a new trial does not toll the time to file a notice of appeal); *Blackmon v. State*, 306 Ga. 90, 91 n. 1 (829 SE2d 75) (2019) (same); *Hood v. State*, 282 Ga. 462, 463-464 & n. 1 (651 SE2d 88) (2007) (to be timely, a motion for a new trial filed after the grant of an out-of-time appeal must be filed within 30 days of the order granting an out-of-time appeal).

---

[1] For reasons that are unclear on the current record, Halle's initial motion for a new trial, filed in March 2019, was titled "Amended Motion for New Trial."

Back in the superior court, Halle filed another motion for an out-of-time appeal, which the court again granted. Halle then filed this timely direct appeal. We lack jurisdiction.

A trial court order that denies (rather than dismisses) an untimely motion for a new trial is invalid. *Pounds*, 309 Ga. at 385 (4). Consequently, the superior court's July 2020 denial of Halle's untimely motion for a new trial is invalid. Nevertheless, the superior court's subsequent grant of an out-of-time appeal rendered Halle's initially untimely motion for a new trial ripe for review. See id.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Halle's instant notice of appeal – filed while his newly-ripened motion for a new trial remains pending before the superior court – is premature. See *Pounds*, 309 Ga. at 381-382 (3), 385 (4); see also *High v. State*, 282 Ga. 244, 244 n. * (647 SE2d 270) (2007). Accordingly, Halle was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review at this time. See OCGA § 5-6-34 (b); *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008) ("A notice of appeal filed while a motion for new trial is pending and unaccompanied by a proper certificate of immediate review does not confer jurisdiction in the appellate courts."); accord *Pounds*, 309 Ga. at 382 (3). His failure to do so deprives us of jurisdiction over this direct appeal. Consequently, this appeal is hereby DISMISSED, and the case is REMANDED for the superior court to consider anew Halle's motion for a new trial. See *Pounds*, 309 Ga. at 385 (4).

Should the superior court deny Halle's motion for a new trial on remand, the superior court clerk is DIRECTED to re-transmit the appeal to this Court and to include a copy of this order in the record transmitted at that time. See *Hann*, 292 Ga. App. at 720 (1) (a premature notice of appeal will ripen upon the filing of a trial court order granting, overruling, or otherwise disposing of a motion for a new trial); accord *Pounds*, 309 Ga. at 385 (4) n. 12. Halle need not file a second notice of appeal to

obtain appellate review at that time. See *High*, 282 Ga. at 244 n. *; *Hann*, 292 Ga. App. at 720 (1).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  08/12/2021            *
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*