# Court of Appeals
# of the State of Georgia

ATLANTA,  August 12, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0854. JEFFERY EDWARD HODGES v. THE STATE.**

Following a jury trial at which he was represented by counsel, Jeffery Edward Hodges was convicted of possession of more than one ounce of marijuana, and the superior court entered his sentence on May 25, 2017. On June 20, 2017, Hodges, while still represented by counsel, filed a purported motion for a new trial pro se. Following substitution of new counsel, Hodges filed a counseled "amended motion for new trial" on February 15, 2018. The superior court purported to deny on the merits Hodges's motion for a new trial, as amended, on October 24, 2018, and Hodges filed a notice of appeal to this Court on November 20, 2018. However, this Court dismissed Hodges's appeal for lack of jurisdiction, concluding that because his pro se motion for a new trial was a nullity and because his counseled motion for a new trial was untimely, these motions did not toll the deadline for filing his notice of appeal. See *Hodges v. State*, Case No. A20A1702 (Sept. 17, 2020); see also *Pounds v. State*, 309 Ga. 376, 377 (2) (b) (846 SE2d 48) (2020) ("[I]f a defendant files a motion for new trial on his own behalf when he is still represented by counsel, that motion is a legal nullity."); *White v. State*, 302 Ga. 315, 320 (3) (806 SE2d 489) (2017) ("[A] pleading purporting to amend a prior filing that was a nullity . . . does not relate back in time to the date of the non-filing[.]"); *Pounds*, 309 Ga. at 378 n. 4 (2) (b) ("[A] late-filed motion for new trial cannot toll the time for filing a notice of appeal under OCGA § 5-6-38 (a).").

Back in the superior court, Hodges filed a motion for an out-of-time appeal, which the court granted. Hodges then filed this timely direct appeal. We lack jurisdiction.

A trial court order that denies (rather than dismisses) an untimely motion for a new trial is invalid. *Pounds*, 309 Ga. at 385 (4). Consequently, the superior court's October 2018 denial of Hodges's untimely motion for a new trial is invalid. Nevertheless, the superior court's subsequent grant of an out-of-time appeal rendered Hodges's initially untimely motion for a new trial ripe for review. See id.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" Hodges's instant notice of appeal – filed while his newly-ripened motion for a new trial remains pending before the superior court – is premature. See *Pounds*, 309 Ga. at 381-382 (3), 385 (4); see also *High v. State*, 282 Ga. 244, 244 n. * (647 SE2d 270) (2007). Accordingly, Hodges was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review at this time. See OCGA § 5-6-34 (b); *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008) ("A notice of appeal filed while a motion for new trial is pending and unaccompanied by a proper certificate of immediate review does not confer jurisdiction in the appellate courts."); accord *Pounds*, 309 Ga. at 382 (3). His failure to do so deprives us of jurisdiction over this direct appeal. Consequently, this appeal is hereby DISMISSED, and the case is REMANDED for the superior court to consider anew Hodges's motion for a new trial. See *Pounds*, 309 Ga. at 385 (4).

Should the superior court deny Hodges's motion for a new trial on remand, the superior court clerk is DIRECTED to re-transmit the appeal to this Court and to include a copy of this order in the record transmitted at that time. See *Hann*, 292 Ga. App. at 720 (1) (a premature notice of appeal will ripen upon the filing of a trial court order granting, overruling, or otherwise disposing of a motion for a new trial); accord

*Pounds*, 309 Ga. at 385 (4) n. 12. Hodges need not file a second notice of appeal to obtain appellate review at that time. See *High*, 282 Ga. at 244 n. *; *Hann*, 292 Ga. App. at 720 (1).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __08/12/2021__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*