# Court of Appeals
# of the State of Georgia

ATLANTA,  April 11, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0687. DAVID LEEVAN EADS v. THE STATE.**

Following a jury trial, David Leevan Eads was convicted of aggravated child molestation, aggravated sexual battery, and three counts of child molestation. Eads did not timely appeal,[1] however, he subsequently filed a petition for habeas corpus and was granted an out-of-time appeal.[2] Pursuant to the habeas court's order, the trial court entered an order appointing counsel and informing Eads that he had 30 days to file a motion for new trial in order to pursue post-conviction relief. Eads's counsel, however, did not file a motion for new trial until after the 30-day deadline had passed, so the trial court again dismissed Ead's motion for new trial. Eads subsequently moved for an out-of-time appeal citing ineffective assistance of counsel, which the trial court granted. After an evidentiary hearing, the trial court denied Eads's motion for new trial on the merits, and this appeal ensued. Recent precedent from the Supreme Court, however, precludes us from addressing the merits of this appeal.

Recently, the Supreme Court eliminated the out-of-time appeal procedure in trial courts, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for

---

[1] Acting pro se, Eads filed a purported motion for new trial within 30 days of the trial court's entry of the judgment on the verdict. Although this motion was timely under OCGA § 5-5-40 (a), the record contains no order or other ruling allowing trial counsel to withdraw before Eads submitted his motion for new trial. Thus, Eads "was still represented by counsel, and the motion was therefore a legal nullity." *Pounds v. State*, 309 Ga. 376, 376 (1) n. 1 (846 SE2d 48) (2020).

[2] Neither the habeas petition nor the habeas court's order appear in the record.

motions for out-of-time appeal in trial courts." *Cook v. State,* ___ Ga. ___ (5) (slip op. at 82) (Case No. S21A1270, decided March 15, 2022). *Cook* also concluded that this holding applies to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motion for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4) (slip op. at 80-81).

In light of *Cook,* Eads "had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus." *Rutledge v. State*, ___ Ga. ___, ___ (slip op. at 4) (Case No. S21A1036, decided March 15, 2022). Accordingly, the trial court's June 9, 2021 order granting Eads's motion for out-of-time appeal is hereby VACATED, and this case is hereby REMANDED for the entry of an order dismissing Eads's motion. Additionally, given that Eads's motion for out-of-time appeal was granted in this case, the trial court is DIRECTED to vacate any subsequent rulings on filings that the court lacked jurisdiction to decide without the granted out-of-time appeal, such as the October 6, 2021 order denying Eads's otherwise untimely motion for new trial.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___04/11/2022___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

___Stephen E. Castlen_____, *Clerk.*