# Court of Appeals
# of the State of Georgia

ATLANTA,   August 11, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0074. DEMICKEY ROGERS v. THE STATE

Following a jury trial, Demickey Rogers was found guilty of armed robbery, manufacture of marijuana, and two counts of possession of a firearm during the commission of a felony. Sentence was entered on December 12, 2019. Although Rogers was represented by retained counsel at trial, he filed a pro se motion for new trial. Thereafter, new counsel entered an appearance and filed an amended motion for new trial. On June 24, 2022, the trial court denied the motion for new trial, and Rogers' attorney filed a notice of appeal. We, however, lack jurisdiction.

"[T]he proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Davis v. State*, 330 Ga. App. 711, 711 (769 SE2d 133) (2015) (citation, punctuation, and emphasis omitted). Generally, a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment complained of." OCGA § 5-6-38 (a). However, a timely filed motion for new trial may extend the time in which to seek appellate review. See id. ("[W]hen a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion[.]" To be timely, a motion for new trial must be filed within 30 days of a judgment of conviction. OCGA § 5-5-40 (a). "[A] late-filed motion for new trial cannot toll the time for filing a notice of appeal under OCGA § 5-6-38 (a)." *Pounds v. State*, 309 Ga. 376, 378 n.4 (846 SE2d 48) (2020); see also *Blackmon v. State*, 306 Ga. 90, 91 n.1 (829 SE2d 75) (2019) ("[T]he time period for filing a notice of appeal is not tolled by an untimely motion for new trial.").

Here, although Rogers filed a timely pro se motion for new trial, that motion was a nullity. "A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted). Accordingly, Rogers was not authorized to file a motion for new trial. See *Pounds*, 309 Ga. at 377 (2) (b) ("if a defendant files a motion for new trial on his own behalf when he is still represented by counsel, that motion is a legal nullity"). Rather, Rogers was required to act through trial counsel whose duties "extend[ed] for at least the 30 days after the entry of judgment when a notice of appeal may be filed." *White v. State*, 302 Ga. 315, 318 (2) (806 SE2d 489) (2017). Nothing in the record indicates that trial counsel withdrew or was relieved of representation during this period. Accordingly, Rogers' pro se motion for new trial was a legal nullity which did not operate to extend the time for filing a notice of appeal. See *Pounds*, 309 Ga. at 377-378 (2) (b).

Although Rogers' appellate counsel filed an amended motion for new trial in December 2020, "a pleading purporting to amend a prior filing that was a nullity . . . does not relate back in time to the date of the non-filing[.]" *White*, 302 Ga. at 320 (3); see also *Pounds*, 309 Ga. at 384 (4) ("a legally void motion cannot be resuscitated by the appearance of counsel alone, and even an attorney purporting to amend a prior filing that was a nullity cannot change the void nature of the legally inoperative motion") (punctuation omitted). Rather, the amended motion for new trial must be treated as "the first and only legally operative motion for new trial filed on [Rogers'] behalf." Id. Here, the amended motion for new trial was filed over a year after entry of sentence and was thus not timely. See OCGA § 5-5-40 (a). As such, it did not extend the time for Rogers to file a notice of appeal. See *Pounds*, 309 Ga. at 384 (4).

Accordingly, Rogers' notice of appeal is untimely, and this case is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __08/11/2022__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____Stephen E. Castlen_____ , Clerk.