# Court of Appeals
# of the State of Georgia

ATLANTA, __November 21, 2022__

*The Court of Appeals hereby passes the following order:*

## A23A0027. EUGENE GRANT v. THE STATE.

Following a jury trial, Eugene Grant was found guilty of aggravated assault, voluntary manslaughter, and possession of a firearm by a convicted felon. Sentence was entered on October 17, 2017. Although Grant was represented by retained counsel at trial, he filed a pro se motion for new trial on November 6, 2017. On January 11, 2019, the Office of the Public Defender filed a motion for substitution of counsel, reciting that Grant's trial attorney had not withdrawn from the case. In response, the trial court appointed new appellate counsel, who filed an amended motion for new trial on October 9, 2020. The trial court subsequently denied the amended motion for new trial,  Grant's attorney filed a timely notice of appeal, and Grant's appeal was docketed in this Court. Thereafter, the State filed a motion to dismiss, arguing that Grant's notice of appeal was untimely. We agree.

"[T]he proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon [an] appellate court." *Davis v. State*, 330 Ga. App. 711, 711 (769 SE2d 133) (2015) (citation and punctuation omitted). Generally, a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment complained of." OCGA § 5-6-38 (a). However, "when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion[.]" Id. A motion for new trial must be filed within 30 days of a judgment of conviction. OCGA § 5-5-40 (a). "[A] late-filed motion for new trial cannot toll the time for filing a notice of appeal under OCGA § 5-6-38 (a)." *Pounds v. State*, 309 Ga. 376, 378 n.4 (846 SE2d 48) (2020); see also *Blackmon v. State*, 306 Ga. 90, 91 n.1 (829 SE2d 75)

(2019) ("[T]he time period for filing a notice of appeal is not tolled by an untimely motion for new trial.").

Here, although Grant filed a pro se motion for new trial, that motion was a nullity. "A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted). Accordingly, Grant was not authorized to file a motion for new trial. See *Pounds*, 309 Ga. at 377 (2) (b) ("if a defendant files a motion for new trial on his own behalf when he is still represented by counsel, that motion is a legal nullity"). Rather, Grant was required to act through trial counsel whose duties "extend[ed] for at least the 30 days after the entry of judgment when a notice of appeal may be filed." *White v. State*, 302 Ga. 315, 318 (2) (806 SE2d 489) (2017). Nothing in the record indicates that trial counsel withdrew or was relieved of representation during this period. Accordingly, Grant's pro se motion for new trial was a legal nullity which did not operate to extend the time for filing a notice of appeal. See *Pounds*, 309 Ga. at 377-378 (2) (b).

Although Grant's appellate counsel filed an amended motion for new trial, "a pleading purporting to amend a prior filing that was a nullity . . . does not relate back in time to the date of the non-filing[.]" *White*, 302 Ga. at 320 (3); see also *Pounds*, 309 Ga. at 384 (4) ("a legally void motion cannot be resuscitated by the appearance of counsel alone, and even an attorney purporting to amend a prior filing that was a nullity cannot change the void nature of the legally inoperative motion") (punctuation omitted). Rather, the amended motion for new trial must be treated as "the first and only legally operative motion for new trial filed on [Grant's] behalf." Id. Here, the amended motion for new trial was filed almost three years after entry of sentence and was thus not timely. See OCGA § 5-5-40 (a). As such, it did not extend the time for Grant to file a notice of appeal. See *Pounds*, 309 Ga. at 384 (4).

Accordingly, Grant's notice of appeal is untimely, the State's motion to dismiss has merit, and this case is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __11/21/2022__

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*