# Court of Appeals
# of the State of Georgia

ATLANTA,  October 19, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1306. CEDRIC SWILLING v. THE STATE.**

On October 30, 2019, following a jury trial at which he was represented by counsel, Cedric Swilling was found guilty of aggravated child molestation and aggravated sodomy. On November 1, he filed a pro se motion for new trial, along with an "Entry of Appearance & Substitution of Counsel With Request for Public Defender" stating that he "ha[d] discharged his Trial Attorney" and requesting the appointment of new counsel. On November 7, the trial court entered a judgment of conviction and sentence on the jury verdict. Several months later, the trial court appointed new counsel, who subsequently filed an amended motion for new trial. The trial court then denied Swilling's motion for new trial, noting in its order that he had "timely filed a Motion for New Trial through trial counsel on November 1, 2019[.]" Swilling appeals. For reasons that follow, we vacate and remand the trial court's order.

The record contains no order permitting withdrawal of Swilling's trial counsel. Therefore, it appears that Swilling technically was still represented when he filed his pro se motion for new trial two days after the jury verdict and five days before his sentencing. See *Tolbert v. Toole*, 296 Ga. 357, 362 (3) (767 SE2d 24) ("A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order is properly made and entered, no formal withdrawal can occur and counsel remains counsel of record.") (citation and punctuation omitted). See also *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) (holding that, in the absence of an order permitting withdrawal, legal representation continues, "at a minimum," through the end of the term of court in

which the conviction was entered).

Until recently, Supreme Court precedent held that "if a defendant files a motion for new trial on his own behalf when he is still represented by counsel, that motion is a legal nullity." *Pounds v. State*, 309 Ga. 376, 377 (2) (b) (846 SE2d 48) (2020). Earlier this year, however, the Supreme Court overruled *Pounds* and similar cases, holding that "consistent with a [trial] court's general discretion to control its processes and the conduct of those who appear before it, a court has the discretion to recognize a timely and otherwise procedurally proper pro se filing made by a defendant who is still formally represented by counsel." *Johnson v. State*, 315 Ga. 876, 890 (4) (885 SE2d 725) (2023). Under *Johnson*, when a trial court exercises its discretion to recognize an appeal-saving pro se filing by a counseled defendant, the court "should make that exercise of discretion clear on the record." Id. at 891 (4).

Here, the trial court's order denying Swilling's motion for new trial incorrectly states that Swilling filed the motion "through trial counsel." Accordingly, the record does not clearly indicate that the trial court exercised its discretion to accept Swilling's pro se filing with knowledge that the filing was, in fact, pro se. We therefore VACATE the trial court's order and REMAND this case for the trial court to exercise its discretion whether to recognize the filing. See *Jensen v. State*, ___ Ga. App. ___ (Case No. A23A1186, decided August 16, 2023). If the trial court enters an order recognizing as valid Swilling's pro se motion for new trial, the superior court clerk is DIRECTED to retransmit Swilling's appeal. Swilling need not file a second notice of appeal.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __10/19/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.